UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICKEY McCLARENCE,

               Plaintiff,                          **MEMORANDUM AND ORDER**
                                                             16-CV-6614 (RRM) (LB)

- against -

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL UNION 14-1413,

               Defendant.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiff Rickey McClarence, proceeding *pro se*, brings this employment discrimination action against a labor union. (Compl. (Doc. No. 1).) He attaches the September 27, 2016 letter from the Equal Employment Opportunity Commission ("EEOC") notifying him of his right to sue in federal court. (*Id.*) His request to proceed *in forma pauperis* is granted for the purpose of this Order. For the reasons that follow, McClarence's complaint is dismissed with leave to amend within thirty (30) days of the entry of this Order.

## BACKGROUND

       On November 22, 2016, McClarence commenced this action by filing a form complaint for employment discrimination actions and checking the box to initiate an action under Title VII of the Civil Rights Act of 1964. (Compl. at 3.)[1] He checked the boxes on the form indicating that he was discriminated against on the basis of race and color, but he did not specify his race or color. (*Id.* at 5.) He also checked the box for "disability or perceived disability" and specified "my conviction record." (*Id.*) He checked the boxes indicating failure to hire and termination of his employment. (*Id.* at 4.) In the space to describe the facts of his case, McClarence states

---

[1] All citations to pages of the complaint refer to the Electronic Case Filing System ("ECF") pagination.

"[w]hen I completed my sentence from prison the International Union of Operating Engineers Local Union 14-1413 would not let me continue to work thru the union." (*Id.* at 5.) He states that he was informed that the exclusion was based on the results of a drug test in April, 2007, "even tho I work thru the union until I went to prison in 2009 without discrimination until I finished my prison sentence and tryed [*sic*] to reconnect with the union." (*Id.*) He alleges that he cannot support his pre-prison lifestyle and meet his child support obligations because he is unable to get his union card and renew his work licenses and certificates. (*Id.* at 6.)

## STANDARD OF REVIEW

A complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In evaluating whether a pleading states a claim for relief, "a court must accept as true all factual allegations contained in a complaint but need not accept legal conclusions." *Halebian v. Berv*, 590 F.3d 195, 203 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must read a *pro se* complaint with "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), and must interpret it to raise the strongest claims it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must grant leave to amend it at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).

## DISCUSSION

Title VII provides that "[i]t shall be an unlawful employment practice for a labor organization to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color . . . or national origin . . . ." 42 U.S.C.A. § 2000e-2. To state a Title VII wrongful termination or exclusion claim against a labor organization, "a plaintiff must demonstrate that the union 1) discriminated against her because of her race, color, religion, sex, or national origin, 2) segregated or limited its membership, or classified its membership or applicants for membership 'in any way which would deprive or tend to deprive any individual of employment opportunities,' or 3) caused or attempted to cause an employer to discriminate against an individual because of her race, color, religion, sex, or national origin." *Daniels v. Health Ins. Plan of Greater N.Y.*, No. 02-CV-6054 (HB), 2007 WL 27115, at *7 (S.D.N.Y. Jan. 4, 2007) (quoting 42 U.S.C. § 2000e-2(c)(1)-(3)).

In this case, McClarence's complaint fails to state a claim under Title VII. McClarence has asserted a bare-bones claim that he was discriminated against on the basis of race or color, but has not identified himself as a member of a protected class based on race, nor presented any facts indicating that he was discriminated against on the basis of his membership in a protected

3

class. Indeed, the only explanations he provides for why he was terminated or failed to be reinstated to union membership are the result of a drug test and a past criminal conviction. (Compl. at 4–5.) Neither of these factors indicate membership in a suspect class that is protected under federal anti-discrimination laws. Title VII and the Americans with Disabilities Act do not protect against employment discrimination based upon a prior conviction.[2] *See McCoy v. People Care Inc.*, No. 11-CV-2689 (RA), 2013 WL 5313433, at *5 (S.D.N.Y. Sept. 20, 2013); *Idlisan v. N.Y.S. Dep't of Taxation & Fin.*, No. 12-CV-1787 (MAD) (CFH), 2013 WL 2898050, at *4 (N.D.N.Y. June 13, 2013); *Tubbs v. N.Y.C. Parks Dep't (JTP) Parks Opportunity Arsenal W.*, No. 12-CV-3322 (CBA) (VMS), 2012 WL 4838439, at *1 (E.D.N.Y. Oct. 10, 2012); *see also* 42 U.S.C. §§12112–12117. Moreover, "courts consistently conclude that an employee's failure of a drug test constitutes a legitimate nondiscriminatory reason for terminating the employee." *Fahey v. City of N.Y.*, No. 10-CV-4609 (ILG) (MDG), 2012 WL 413990, at *9 (E.D.N.Y. Feb. 7, 2012) (collecting cases). As McClarence has not adequately alleged that he was discriminated against on the basis of his membership in a suspect class, the complaint as filed fails to state a claim for relief and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of McClarence's *pro se* status, the Court grants leave to file an amended complaint to state any possible claim for employment discrimination pursuant to Title VII. With respect to any claim for racial discrimination, McClarence must identify his race and specify any race-based discrimination or classification that he faced. McClarence may submit an amended complaint within thirty (30) days from the date of this Order. The new complaint should be

---

[2] New York State Human Rights Law § 296(15) and New York City Human Rights Law do provide some protection from employment discrimination on the basis of past criminal convictions. *See N.Y.C. Admin. Code § 8-107, et seq.*; N.Y. Exec. Law § 290, *et seq.* Nothing in this order shall be construed to preclude McClarence from raising these claims in state court.

4

captioned as an "Amended Complaint," and bear the same docket number as this Order. The Amended Complaint shall completely replace the original complaint.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). McClarence's claims related to his prior conviction are dismissed without prejudice to filing in state court. McClarence is granted leave to file an amended complaint to allege claims related to Title VII discrimination. No summons shall issue at this time, and all further proceedings shall be stayed for thirty days. Failure to plead sufficient facts in the amended complaint to give rise to a claim will result in dismissal of this action, and if plaintiff fails to file an amended complaint within thirty days, judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to send Rickey McClarence, *pro se*, a copy of this Order, together with a form complaint for employment discrimination actions, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
September 5, 2017

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

5